Benjamin GARLAND, Jr., Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 78 Civ. 1753 (MP).

United States District Court,
S. D. New York.

May 16, 1978.

Benjamin Garland, Jr., pro se.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for respondent.

POLLACK, District Judge.

Benjamin Garland, Jr. moves for correction of his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereafter set forth, the motion is denied.

According to the docket,* Garland pleaded guilty to a charge of interstate transportation of a stolen motor vehicle on April 12, 1974. On May 22, the Court sentenced him to a term of four years, to be served consecutively to a sentence imposed by the New York Supreme Court, Bronx County. The sentence was imposed pursuant to 18 U.S.C. § 4208(a)(2) [now 18 U.S.C. § 4205(b)(2)], so that Garland would not have to complete any specific period of confinement before becoming eligible for parole. The Court denied Garland's motion for reduction of sentence on or about August 6, 1974. It subsequently has received several communications from the prisoner which it treated as further motions for reduction of sentence and denied, most recently in January of this year.

According to the motion papers, Garland recently was paroled from his state sentence and began serving the sentence imposed by this Court. On June 16, 1977 the United States Parole Commission conducted an initial hearing concerning the movant, and denied parole on the basis of its guidelines for parole release consideration.

Use of the parole guidelines was commenced on a pilot basis in October, 1972 and

---

* The chronology shown by the court records does not differ materially from movant's account of the proceedings.

they were officially adopted in November, 1973. *United States v. Slutsky*, 514 F.2d 1222, 1227 n. 16 (2d Cir. 1975). Whereas formerly parole determinations were based primarily on the prisoner's compliance with prison rules and the likelihood of recidivism, *Addonizio v. United States*, 573 F.2d 147, 153 (3d Cir. 1978), evaluated on an ad hoc basis, *see* M. Sigler, Are Parole Boards Using the Right Factors for Parole Selection?, Address Before the National Conference on Criminal Justice 1 (Washington, D.C. Jan. 24, 1973), the guidelines gave substantial weight to the severity of the offense and other factors regarding the prisoner's background, and encouraged uniformity in parole determinations, *see Grasso v. Norton*, 520 F.2d 27, 34 (2d Cir. 1975). The guidelines have been amended from time to time, but the amendments do not reflect nearly so substantial a change in approach to parole determinations as did the initial adoption of the guidelines.

Garland urges the Court to correct its sentence on the ground that its intentions, as reflected by imposition of sentence pursuant to 18 U.S.C. § 4208(a)(2), have been thwarted by the Parole Commission's reliance upon the guidelines in determining whether to grant parole. He also contends that the Commission based its determination on false information contained in the presentence report.

■ Movant is not entitled to relief on the basis of claimed errors in the presentence report. It is not the function of the courts to pass upon the credibility of reports and information received by the Parole Commission in connection with the grant or denial of parole. *Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir. 1976); *Brest v. Ciccone*, 371 F.2d 981 (8th Cir. 1967); *see also* 18 U.S.C. § 4203(b)(1).·

If the sentencing court was unaware of the newly adopted guidelines, the United States Court of Appeals for the Second Circuit has indicated that correction of the sentence to take account of the guidelines may be appropriate upon a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Slutsky*, 514 F.2d 1222, 1226–29 (2d Cir. 1975). However, the Second Circuit has not considered whether such relief is available upon a motion pursuant to 28 U.S.C. § 2255. The other courts of appeals are divided on the issue. The Third and Eighth Circuits hold such relief to be available. *E. g., Addonizio v. United States*, 573 F.2d 147 (3d Cir. 1978); *United States v. Salerno*, 538 F.2d 1005 (3d Cir. 1976); *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975). In this connection, the Eighth Circuit carefully has limited the availability of such relief to cases arising from a transitional period in which sentencing judges necessarily were unaware of the impact of the new guidelines in terms of length of confinement. *Banks v. United States*, 553 F.2d 37, 39 (8th Cir. 1977). On the other hand, the First and Ninth Circuits have held that no such relief is available upon a section 2255 motion. *United States v. McBride*, 560 F.2d 7 (1st Cir. 1977); *Andrino v. United States Board of Parole*, 550 F.2d 519 (9th Cir. 1977).

■ Even if adoption of the guidelines should in some cases provide a basis for correction of sentence on a section 2255 motion, no such relief is merited in this instance. The rule formulated by the Third Circuit is that "resentencing is required in a § 2255 proceeding where implementation of the Parole Commission's guidelines frustrated the sentencing judge's . . . expectations in the imposition of a sentence." *Addonizio v. United States*, 573 F.2d 147, 150 (3d Cir. 1978). That Court also has recognized that the sentencing judge's expectation and intent may be evidenced by his statement at the time of the section 2255 proceeding. *Id.; see United States v. Somers*, 552 F.2d 108, 113 (3d Cir. 1977).

The Parole Board's development of the guidelines for parole determinations was called to this Court's attention as the result of Parole Board Chairman Maurice Sigler's address before the National Conference on Criminal Justice in Washington, D.C. on January 24, 1973 and subsequent correspondence from Chairman Sigler, prior to the

time it imposed its sentence on Garland. Moreover, it was the Court's intent and expectation that the decision as to when Garland should be paroled would lie with the Parole Board. Sentence was imposed pursuant to 18 U.S.C. § 4208(a)(2) in order to increase the Board's discretion, not to limit it. *See Richards v. Crawford*, 437 F.Supp. 453, 455 (D.Conn.1977). · Thus, the Parole Commission's denial of parole on the basis of its guidelines is consistent with the expectation and intent of the sentencing Court. *See Vanacore v. United States*, 440 F.Supp. 442, 443–44 (E.D.N.Y.1977).

Accordingly, since it plainly appears from the face of the motion and the prior proceedings that the movant is not entitled to relief, the motion is dismissed without requiring an answer, and the movant shall be so notified. Rule 4(b) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255.

SO ORDERED.