Joseph F. **CORDOVANO**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 78 Civ. 2711 (MP).

United States District Court,
S. D. New York.

Oct. 18, 1978.

Joseph F. Cordovano, pro se.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., by Daniel H. Bookin, Asst. U. S. Atty., New York City, for respondent.

#### MEMORANDUM

POLLACK, District Judge.

Joseph F. Cordovano moves to vacate his sentence and for a hearing pursuant to 28 U.S.C. § 2255. For the reasons hereafter set forth, the motion is denied.

On June 27, 1972, this Court sentenced Cordovano to 16 years in prison. The sentence was governed by former 18 U.S.C. § 4202 (a similar provision is now codified at 18 U.S.C. § 4205(a)), which makes a prisoner eligible to be considered for parole after serving one-third of his sentence. On January 12, 1976, this Court ordered that "the sentence and judgment imposed on June 27, 1972 is amended to state that defendant shall become eligible for parole under 18 U.S.C.A. § 4208(a)(2) [now 18 U.S.C. § 4205(b)(2)] at such times as the Board of Parole may determine." The effect of the order of January 12, 1976, was to make Cordovano eligible to be considered for parole immediately, rather than at the expiration of one-third of his sentence in 1977.

The Board of Parole considered and denied parole for Cordovano on July 23, 1976. Its Notice of Action stated:

> Guidelines established by the Commission for adult cases which consider the above factors [prisoner's history and seriousness of offense] indicate a range of 36 plus months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, it is found that your release at this time would depreciate the seriousness of your offense behavior and thus is incompatible with the welfare of society.

On September 12, 1977 (after the expiration of one-third of Cordovano's sentence), the Board again considered and denied parole, repeating the statement quoted above, and set another hearing for August 1979. Cordovano appealed this denial of parole, but it was affirmed by the Regional Director on October 31, 1977, and by the National Appeal Board on March 7, 1978.

Cordovano now argues that his sentence should be vacated for two reasons. First, the Board's consideration of parole on July 23, 1976, was not "meaningful" and therefore defeated the purpose of the Court in making Cordovano eligible to be considered for parole on January 12, 1976. Second, this Court was not aware of the Board's parole practices at the time of sentencing. The "time of sentencing" presumably refers to the date on which Cordovano's sentence was subjected to 18 U.S.C. § 4205(b)(2), rather than to the date on which it was first imposed.* Similarly, the Board's parole "practices" presumably refers to its parole Guidelines, 28 C.F.R. § 2.20 (1977).

The Government argues that this Court has no jurisdiction of the motion under 28 U.S.C. § 2255 and that this Court was aware of the Board's Guidelines at the time it amended Cordovano's sentence.

 The general rule in the Second Circuit is that a motion under 28 U.S.C. § 2255 may attack a sentence only " 'as *imposed,* as distinct from the sentence as it is being *executed.*' " *United States v. Huss,* 520 F.2d 598, 604 (2d Cir. 1975). Some courts have allowed § 2255 motions to attack sentences that were imposed under 18 U.S.C. § 4205(b)(2) at or just before the time the Guidelines were adopted but before they became known to the sentencing court. *See, e. g., United States v. Salerno,* 538 F.2d 1005 (3d Cir. 1976); *Kortness, supra.* The Second Circuit has not considered this exception. Even if it were adopted, however, the exception would not apply here, because this Court became aware of the Guidelines when they were proposed in 1973, *Garland v. United States,* 450 F.Supp. 206 (S.D.N.Y.1978), well before it amended Cordovano's sentence in 1976. Indeed, the Guidelines were part of the basis of the Court's order subjecting Cordovano's sentence to 18 U.S.C. § 4205(b)(2).

---

\* *United States v. Slutsky,* 514 F.2d 1222 (2d Cir. 1975), and *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975), which Cordovano cites in support of this argument, both are cases in which the court imposed sentence under 18 U.S.C. § 4205(b)(2) but was unaware of the parole Guidelines then recently promulgated by the Board. Since the Guidelines were adopted in 1973, *Slutsky, supra,* 514 F.2d at 1227 n.16, after the Court imposed Cordovano's original sentence, his argument probably refers to the date on which his sentence was amended. The Government also interprets his argument this way.

Moreover, it was the intention and expectation of the Court that the decision as to when Cordovano should be paroled would lie with the Parole Board. Cordovano's sentence was amended in order to increase the Board's discretion, not to limit it. Thus, the Board's denial of parole on the basis of its Guidelines, and the length of sentence that Cordovano has served thus far, are well within the expectation and intention of the Court.

Accordingly, the motion is denied.

SO ORDERED.

