**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roger Dale COUNTS,
Defendant-Appellant.**

**No. 81–2133.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 28, 1982.*

Decided Oct. 18, 1982.

Marsha L. Johnson, Asst. U.S. Atty., James R. Burgess, Jr., U.S. Atty., East St. Louis, Ill., for defendant-appellant.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Robert C. Babione, Asst. Federal Public Defender, East St. Louis, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and PELL and BAUER, Circuit Judges.

PER CURIAM.

In this case we must determine whether the district court erred by summarily dismissing the appellant's section 2255 motion without making findings of fact and conclusions of law with respect to a double jeopardy claim asserted therein.

The appellant, Roger Counts, pled guilty to a violation of 21 U.S.C. § 841(a)(1) (distribution of a controlled substance) and was sentenced to a term of four years imprisonment and three years special parole pursuant to 21 U.S.C. § 841(b)(1)(A). Subsequently, he filed a motion for correction of sentence under 28 U.S.C. § 2255 in which he argued (1) that the special parole term was illegal in light of the Supreme Court's decision in *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) (holding that 21 U.S.C. § 846 does not authorize a sentencing court to impose a special parole term upon a defendant who is convicted of conspiracy to manufacture or distribute a controlled substance), and (2) that the imposition of the parole term also violated the double jeopardy bar of the Fifth Amendment. The district court, without ordering a response from the government, denied the appellant's motion on the ground that *Bifulco* is not applicable to a sentence imposed for a violation of section 841(a)(1). The court did not discuss the appellant's double jeopardy claim.

In this appeal, Counts does not contest the district court's ruling on his *Bifulco* claim; rather, he argues that the case must be remanded for the district court to enter "findings of fact and conclusions of law" with respect to his double jeopardy claim. In the circumstances of this case we reject this argument and affirm the judgment of the district court.

Section 2255 provides that "the court shall ... grant a prompt hearing ..., determine the issues[,] and make findings of fact and conclusions of law with respect" to a petitioner's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Rule 4(b) of the Rules Governing Section 2255 Proceedings elaborates that exception, explaining that when "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief," the district court is authorized to "make an order for [the motion's] summary dismissal and cause the movant to be notified."

■ The district court apparently disposed of the appellant's motion under this rule. With respect to the appellant's double jeopardy claim, the disposition was not erroneous. Imposition of a sentence under section 841(b)(1)(A), which specifically provides for a special parole term *in addition* to a term of imprisonment, does not amount to multiple punishment in violation of the Fifth Amendment. *United States v. Kuck,* 573 F.2d 25 (10th Cir. 1978); *United States v. Huerta,* 496 F.Supp. 339 (W.D.Okla.1980); *see United States v. Brock,* 507 F.2d 1114 (D.C.Cir.1974) (A special parole term is mandatory under section 841(b)(1)(A).). Thus the appellant "plainly" was not entitled to relief on his double jeopardy claim and the district court's dismissal can stand.

■ Notwithstanding this result, however, we caution the district courts that the preferred practice in dismissing a section 2255 motion in accordance with Rule 4(b) is to enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the legal grounds for that action. *See, e.g., Garland v. United States,* 450 F.Supp. 206 (S.D.N.Y.1978); *United States v. Homan,* 482 F.Supp. 344 (E.D.Okla.1977). Such a disposition provides a solid basis for appellate review of the dismissal of a motion that, standing alone, might arguably have some merit. *See Hart v. United States,* 565 F.2d 360 (5th Cir. 1978). It also removes any ambiguity from the notice of dismissal mandated by the rule, especially

in the case of a *pro se* movant. *Cf. Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982) ("[A] prisoner who is a plaintiff in a civil case and is not represented by counsel is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment." Such notice should include the "text of [Fed.R.Civ.P.] 56(e)" and an explanation of the rule in "ordinary English.")

With this caution in mind, the judgment of the district court is affirmed.