**Vernon DEES, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 85–7604
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 23, 1986.

Cheryl L.P. Crisona, Asst. U.S. Atty., Mobile, Ala., for respondent-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a 28 U.S.C. § 2255 motion.

■ Dees contends that his indictment for possession of a firearm by a felon under 18 U.S.C. §§ 922(h)(1) and 924(a) violated his right to Fifth Amendment due process because it mentioned the prior offense that was the predicate for these violations. This is frivolous, since the prior conviction is an element of the offense charged and must be revealed to fairly inform the person charged of the offense.

■ For the same reasons, proof at trial of the prior offense does not constitute double jeopardy.

■ The argument that the indictment is unconstitutionally vague and ambiguous, or so vague and ambiguous that it requires a hearing to determine its content, is frivolous. The indictment tracks the statute and states date, time, place and participants involved.

■ Counsel was not ineffective in refusing to call a state sheriff and a notary public to testify that Dees had been issued gun license and a deputy sheriff's card and that he had worked undercover trying to make buys on guns that had been previously taken in a burglary. A convicted felon may lift his firearms disability if he receives a pardon expressly permitting him to possess a firearm, or gets the predicate conviction vacated before obtaining a weapon, or secures the consent of the secretary of the treasury. *Lewis v. U.S.*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980); *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 114 N. 10, 103 S.Ct. 986, 993 N. 10, 74 L.Ed.2d 845 (1983). Dees does not suggest, and we do not find, any precedent to support the proposition that the issue of a $5.00 pistol license and a deputy sheriff's card, or participation in making buys of burglarized guns, is a defense to the charges made in this case. Counsel did not err in declining to call these witnesses for the purposes indicated. Further, with respect to the notary public, Dees contends that the notary's testimony would have disputed that of a government witness concerning "certain business transactions with the defendant." There was not a sufficient presentation of how the notary's testimony would have disputed the government witness's testimony or of what the business transactions were. The district court did not err in concluding that no prejudice was demonstrated.

AFFIRMED.