884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie Donnell HOLLINGSWORTH, Defendant-Appellant.
 No. 89-7559.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1989.
Decided Aug. 15, 1989.
 
 Jackie Donnell Hollingsworth, appellant pro se.
 Samuel Thomas Currin, Office of the United States Attorney, for appellee.
 Before K.K. HALL, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jackie Hollingsworth appeals the sua sponte summary dismissal of his 28 U.S.C. Sec. 2255 petition. In his petition, Hollingsworth claimed that he was denied effective assistance of counsel because his lawyer failed to interview two favorable defense witnesses and secure their attendance at trial. We vacate the order of dismissal and remand for further proceedings.
 
 
 2
 * Hollingsworth was charged with breaking and entering, grand larceny, and possession of stolen property arising out of a burglary of a residence on Pope Air Force Base in North Carolina. See 18 U.S.C. Sec. 13. The government's evidence at trial showed that Mrs. Mitchell and her daughter left their home for a series of college interviews. After a long day of travel, they returned late at night and discovered that their house had been burglarized. Among the many personal items taken was an 1899 gold piece and a Minolta camera. The government recovered the gold piece and camera at local pawn shops. The evidence linking Hollingsworth to the crime was the testimony of Patrick and Hester McCoy. Patrick, Hollingsworth's co-defendant, testified for the government pursuant to a plea bargain.[1] He testified that he saw Hollingsworth at the house of his sister, Phyllis McCoy, in possession of necklaces and the stolen camera on the day after the burglary. Hester, Patrick's mother, testified that she was present at Phyllis' house at the same time and saw Hollingsworth carrying a bag filled with items, including the gold piece and camera. According to Hester, Hollingsworth gave her the gold piece because it was worthless and she gave it to another daughter, Brenda Curry, to take to the pawn shop.[2] On this evidence, Hollingsworth was found guilty as charged.
 
 
 3
 In his Sec. 2255 petition Hollingsworth claimed that his lawyer was ineffective under Strickland v. Washington, 466 U.S. 668 (1984), because (1) he failed to interrogate Phyllis McCoy or subpoena her for trial, despite Hollingsworth's assertion that she would testify if called and would specifically refute Patrick and Hester's testimony, and (2) he failed to interview Raymond Calvin or subpoena him for trial, despite knowledge of his potentially favorable testimony from a prosecutor's report and Hollingsworth's assertion that Calvin would provide helpful testimony. The district court dismissed the petition without requiring a response from the government.
 
 II
 
 4
 Preliminarily, we note that the district court's order of dismissal fails to give any basis for the decision to dismiss. Such a disposition is not favored--the preferred practice in summarily dismissing Sec. 2255 petitions is to list the issues raised and explain reasons for the dismissal of each claim. See United States v. Marr, 856 F.2d 1471, 1472-1473 (10th Cir.1988); United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982). We encourage such a procedure to insure adequate appellate review and remove any ambiguities from the order of dismissal. Counts, 691 F.2d at 349.
 
 
 5
 However, we need not remand for a proper order of dismissal because we think the petition raises issues that require a response from the government. The mandate of Sec. 2255 is that a responsive pleading is required unless the district court can "conclusively" determine from the petition and record that the petition is meritless. See 28 U.S.C. Sec. 2255. Put another way, the "critical question" becomes whether the allegations in the petition are "palpably incredible" or "patently frivolous or false." Blackledge v. Allison, 431 U.S. 63, 76 (1977). See also Raines v. United States, 423 F.2d 526, 529 (4th Cir.1970). Moreover, any doubt regarding whether to order a responsive pleading should be resolved in favor of the petitioner. Such an approach is consistent with our view of the "better practice" in these situations. Raines, 423 F.2d at 529. Under this minimal standard, Hollingsworth's claims merit further treatment in the district court.
 
 
 6
 Hollingsworth's claim is that his lawyer was ineffective for failure to interview favorable witnesses and to subpoena them to trial. In order to state a claim of deficient attorney conduct under Strickland, Hollingworth must allege: who the witnesses are and to what they would testify, see United States v. Castillo, 814 F.2d 352, 356 (7th Cir.1986); how the witnesses' testimony would aid the defense, see Dees v. United States, 789 F.2d 1521, 1522 (11th Cir.1986); that the witnesses are willing to testify on behalf of petitioner, see United States v. Harden, 846 F.2d 1229, 1231-1232 (9th Cir.), cert. denied, 57 U.S.L.W. 3281 (U.S. Oct. 18, 1988) (No. 88-5104); and that defense counsel was informed of the witnesses' testimony in a timely manner. See United States v. Norwood, 798 F.2d 1094, 1100-1101 (7th Cir.), cert. denied, 479 U.S. 1011 (1986).
 
 
 7
 We think Hollingsworth has stated a claim of deficient attorney conduct under these standards. We note that he identified Phyllis McCoy and Raymond Calvin as the missing witnesses; he claimed that McCoy would directly contradict Hester's and Patrick's testimony; he claimed that Calvin would testify that Patrick asked him to pawn the camera; he claimed that the testimony of the missing witnesses would wholly undermine the only incriminating evidence against him[3]; he claimed that Phyllis "would" and Raymond "could" testify on his behalf; and he claimed that he told defense counsel of this exculpatory evidence in sufficient time to interview the witnesses and to secure their attendance at trial.[4] In essence, Hollingsworth claimed that his lawyer intentionally, and negligently, failed to do any investigation regarding two crucial defense witnesses. This is a proper allegation of deficient representation. See Hoots v. Allsbrook, 785 F.2d 1214, 1220 (4th Cir.1986).
 
 
 8
 Of course, under Strickland, Hollingsworth must allege more than deficient representation--he must also allege that counsel's shortcomings would have affected the outcome of his trial. 466 U.S. at 691. In this context Hollingsworth must show that it is "reasonably likely" that the missing witnesses' testimony would have caused a different result. Hoots, 785 F.2d at 1220. In the absence of any claim to the contrary, Hollingsworth's claim meets this standard. We view the testimony of Hester and Patrick as subject to attack--Patrick had an understandable motive to fulfill the terms of his plea agreement with the government and Hester had a maternal motive to protect her son. Moreover, Hester's testimony that Hollingsworth gave her the gold piece because it was worthless is facially suspect. Finally, we note that the government failed to adduce any evidence, circumstantial or direct, other than the testimony of Patrick and Hester that implicated Hollingsworth in any fashion and failed to call Phyllis McCoy and Raymond Calvin to corroborate the testimony of Hester and Patrick.[5] Against this background, it is "reasonably likely" that testimony from a family member (McCoy) and a family friend (Calvin), that directly contradicts the government's only evidence against Hollingsworth, would have affected the outcome of this case. Thus, as stated, Hollingsworth's claim satisfies the prejudice prong of Strickland.
 
 
 9
 Accordingly, we hold that the district court acted prematurely in dismissing this case. We direct the district court to order a response from the government and, if the facts are in dispute, to hold an evidentiary hearing to resolve the merits of the petition. See Townsend v. Sain, 372 U.S. 293, 312 (1963). See also Habeas Corpus Rule 8(a), 28 U.S.C. Foll. Secs. 2254 and 2255 Advisory Committee notes.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented on the record and oral argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The government allowed Patrick to plead guilty to a lesser offense in exchange for his testimony
 
 
 [2]
 Brenda testified, and confirmed that Hester gave her the gold piece to pawn. However, she was not present at Phyllis' house when Hollingsworth was allegedly seen with the stolen goods
 
 
 [3]
 Other than the testimony of Hester and Patrick, the government adduced no evidence linking Hollingsworth to the burglary or the stolen goods
 
 
 [4]
 Hollingsworth claimed that he informed defense counsel in a timely manner regarding Calvin, but his lawyer refused to act because of a lack of time. We express no opinion on whether Hollingsworth's effort was timely and instead leave that resolution to the district court on remand
 
 
 [5]
 The government was aware that Phyllis and Raymond both allegedly witnessed Hollingsworth in possession of the stolen goods