983 F.2d 1071
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie J. WILLIAMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1990.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1992.
 
 Before RALPH B. GUY, JR. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Willie J. Williams, a pro se federal prisoner, appeals the district court's order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams and two codefendants were convicted in 1989 of conspiracy to illegally distribute prescription drugs in violation of 21 U.S.C. §§ 841(a)(1) and 846. Williams was sentenced to six years imprisonment and fined $15,000. In addition, a motor home owned by Williams's Dort Prescription Center was forfeited pursuant to 21 U.S.C. § 853. Williams's conviction was affirmed on direct appeal. United States v. Gurley, Nos. 89-2384/89-2418/90-1071 (6th Cir. Nov. 13, 1990) (per curiam).
 
 
 3
 In his motion to vacate, Williams raised the following issues: (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) defective indictment, (4) improper admission of certain evidence, (5) lack of jurisdiction to forfeit the motor home, (6) abuse of discretion in refusing to admit certain exhibits, (7) improper denial of severance, (8) prosecutorial misconduct including use of perjured testimony, (9) Miranda violation, and (10) inadequate jury instructions. The district court summarily denied the motion to vacate pursuant to Rule 4, Rules Governing Section 2255 Proceedings, in an order filed June 29, 1992. The court found that Williams did not demonstrate ineffective assistance of either trial or appellate counsel, that the evidentiary and severance issues were disposed of on direct appeal, and that the remaining allegations were without merit.
 
 
 4
 On appeal, Williams continues to argue the merits of his grounds for relief.
 
 
 5
 Upon review, we affirm the district court's order in part and vacate in part because, with few exceptions, Williams's lack of entitlement to relief is not plain from the face of the motion, and the state of the record on appeal does not permit meaningful review of the district court's summary disposition. Pursuant to Rule 4, Rules Governing § 2255 Proceedings, a motion to vacate may be summarily denied if it plainly appears from the face of the motion and any annexed exhibits that the petitioner is not entitled to relief. See United States v. Sanders, 723 F.2d 34, 35 (8th Cir.1983) (per curiam); United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982) (per curiam).
 
 
 6
 Williams's issues relating to the denial of his motion for severance, refusal to admit certain exhibits, and forfeiture of the motor home were decided on direct appeal. It is settled that a § 2255 motion cannot be employed to relitigate a question which was raised and considered on direct appeal absent exceptional circumstances such as an intervening change in law. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barnett v. United States, 439 F.2d 801, 802-03 (6th Cir.1971) (per curiam). Williams has presented no compelling reason to reopen those issues. Therefore, the district court's dismissal of those three issues is affirmed.
 
 
 7
 Unless the record conclusively shows that the petitioner is not entitled to relief, a district court is required to set forth its findings of fact and conclusions of law. See United States v. Edwards, 711 F.2d 633, 634 (5th Cir.1983); United States v. Counts, 691 F.2d at 349. The record on appeal consists solely of the motion to vacate, the district court's order, and the notice of appeal. It is insufficient to adequately review Williams's remaining issues, which the district court dismissed without making the required findings and conclusions. Therefore, we vacate the district court's order as to the issues of defective indictment, admission of certain exhibits, Miranda violation, prosecutorial misconduct including use of perjured testimony, and inadequate jury instructions. The case is remanded so that the district court may make findings of fact and conclusions of law regarding those issues.
 
 
 8
 Claims of ineffective assistance of counsel are mixed questions of law and fact which are reviewed de novo. See Blackburn v. Foltz, 828 F.2d 1177, 1181 (6th Cir.1987), cert. denied, 485 U.S. 970 (1988). Although the district court addressed Williams's ineffective assistance of trial counsel issue, it did so from the standpoint of only one of Williams's supporting bases, i.e., counsel's failure to provide an expert on statistics. Williams's motion also alleged that counsel rendered ineffective assistance by failing to adequately prepare for trial and failing to file certain motions. Because the district court did not fully address these grounds, this issue must also be remanded for adequate findings of fact and conclusions of law.
 
 
 9
 The district court's dismissal of Williams's ineffective assistance of appellate counsel claim is affirmed insofar as it relates to Williams's claim that appellate counsel failed to raise the issue of insufficient trial counsel on direct appeal. Such a claim is properly raised, not on direct appeal, but in a § 2255 motion, see United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990), and appellate counsel did not perform in a deficient manner when he did not raise the issue. However, the district court's unsupported conclusion that counsel's "representation of plaintiff at sentencing is in no way subject to claims of ineffectiveness" is unreviewable on the record before us.
 
 
 10
 Accordingly, the district court's order is affirmed as to Williams's issues of denial of motion for severance, refusal to admit certain exhibits, forfeiture of motor home, and ineffective assistance of appellate counsel based upon an alleged failure to raise the issue of ineffective assistance of trial counsel on direct appeal. The district court's order is vacated as to Williams's remaining issues and the case is remanded to the district court for further findings of fact and conclusions of law. Rule 9(b)(3), Rules of the Sixth Circuit.