14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jim L. KENNEDY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5803.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 1
 Before KEITH and NORRIS, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jim L. Kennedy was charged with six counts of selling firearms to a felon in violation of 18 U.S.C. Sec. 922(d)(1). Following a jury trial, he was convicted on Counts 4, 5 and 6; Counts 1, 2 and 3 were dismissed. Kennedy was sentenced to three concurrent terms of twenty-four months of imprisonment. His conviction and sentence were affirmed on appeal. United States v. Kennedy, No. 91-5283 (6th Cir. Nov. 21, 1991) (per curiam), cert. denied, 112 S.Ct. 1503 (1992).
 
 
 4
 On November 4, 1992, Kennedy filed a Sec. 2255 motion to vacate sentence. He claimed that the prosecutor presented to the Grand Jury a false statement by an informant, Ronnie Gipson, and that another government witness, an ATF agent, improperly commented on Gipson's statement. The motion was summarily denied.
 
 
 5
 On March 26, 1993, Kennedy filed a second motion to vacate sentence, in which he alleged that he was prejudiced by Gipson's perjured testimony at trial and that his counsel was ineffective for failing to challenge Gipson's statements in cross-examination. Respondent moved for dismissal of the Sec. 2255 motion as an impermissible successive motion. Kennedy's second motion, like the first, was summarily denied.
 
 
 6
 On appeal, Kennedy challenges the district court's summary dismissal of the second motion and argues that the district court failed to consider the merits of his claims.
 
 
 7
 Upon review, we conclude that the second motion was properly denied because it is an impermissible successive motion. See Rule 9(b), Rules Governing Section 2255 Proceedings. The second motion did not contain new or different grounds for relief, the prior determination was on the merits, and the ends of justice would not be served by reaching the merits of the motion. Sanders v. United States, 373 U.S. 1, 15 (1963). New and different grounds have not been asserted if the claims in the successive motion, even if based on different legal arguments or different factual allegations, present essentially the same claims already presented. Id. at 16.
 
 
 8
 In both motions, Kennedy alleged that a government informant, Gipson, lied when he stated that Kennedy, a former deputy sheriff, had previously arrested him. This information was purportedly used to demonstrate that Kennedy was aware of Gipson's status as a felon when he sold firearms to Gipson. Kennedy complained that Gipson's statement was false; he alleged that he had never participated in an arrest of Gipson. Nonetheless, whether Kennedy's concern is presented as an error in proceedings before the Grand Jury or at trial, the underlying claim that he was prejudiced by Gipson's allegedly false statement is the same.
 
 
 9
 Even when Kennedy's claims are reviewed on the merits, the record conclusively shows that Kennedy's assertions are frivolous. Kennedy was initially charged with six counts of selling firearms to a felon. Only the first count concerned an alleged sale to Gipson; the remaining five counts arose from sales to a second informant, Fredell. Kennedy was acquitted of the count firearms to a felon. Only the first count concerned an alleged sale to Gipson; the remaining five counts arose from sales to a second informant, Fredell. Kennedy was acquitted of the count based on his transaction with Gipson. His conviction is based only on sales of firearms to Fredell. Kennedy was not prejudiced by the alleged falsehood or by counsel's failure to effectively cross-examine Gipson. Cf. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 10
 Finally, we note that the district court did not make findings of fact or conclusions of law. Although the preferred practice is for the district court to enumerate the issues and specify the legal grounds for dismissal, Rule 4(b), Rules Governing Section 2255 Proceedings, authorizes summary dismissal when the motion and any annexed exhibits and the record in the case conclusively show that the movant is entitled to no relief. See United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982) (per curiam). The present record meets this standard.
 
 
 11
 Accordingly, the motion for appointment of counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation