21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerard J. VANHOORELBEKE, Defendant-Appellant.
 No. 93-10115.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1994.
Decided April 11, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gerard Vanhoorelbeke was convicted of conspiracy to distribute cocaine, distribution of cocaine, unlawful possession of a firearm, and being a felon in possession of a firearm. Vanhoorelbeke appeals, arguing that his subpoena of police records was improperly quashed, that evidence was erroneously admitted and excluded, that he was denied his right to effective counsel, that insufficient evidence was presented at trial, and that the district court erred in increasing his offense level at sentencing. We affirm.
 
 
 3
 * The issuance of a subpoena duces tecum "requires a showing of relevancy, admissibility, and specificity." United States v. Nixon, 418 U.S. 683, 698 (1974). The subpoena duces tecum should not be used as a means of discovery in criminal cases. Id. Yet that is precisely what the appellant attempted to do by requesting "any and all official police and personal (sic) records and notes concerning the use of CLAUDIO MIKAC." There was clearly no specificity in the appellant's request or suggestion of what exactly he expected to find, in order to show relevance; therefore, his request represented the type of general "fishing expedition" forbidden by Nixon. See id. at 699-700. Furthermore, the district court reviewed the documents in camera and determined that they were not relevant to the case. We conclude that the district court did not abuse its discretion.
 
 II
 
 4
 Appellant contends that he was precluded from testifying about his previous cooperation with law enforcement officials. The record clearly indicates that the district court did not prohibit Vanhoorelbeke from testifying that he had previously cooperated with law enforcement agencies and that he believed that other law enforcement officials bore animus because of prior cooperation. We conclude that the district court did not abuse its discretion.
 
 III
 
 5
 Appellant claims that the district court erred when it rejected his version of a jury instruction based on public authority to carry a firearm. "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990).
 
 
 6
 Appellant presents absolutely no argument that his position is supported by law. He cites no statutory or case law that a law enforcement official can authorize a felon to carry a firearm in violation of federal law prohibiting felons from possessing firearms. See Dees v. United States, 789 F.2d 1521, 1522 (11th Cir.1986) (undercover participation by felon in purchasing burglarized guns not a defense to felon in possession of firearms charge). Further, even if appellant believed that he had the public authority to carry a firearm, this mistake of law does not provide a defense. United States v. Aguilar, 883 F.2d 662, 673 (9th Cir.1989), cert. denied, 498 U.S. 1046 (1990).
 
 
 7
 Because appellant presents insufficient legal support for his defense theory, the district court did not have to provide his requested jury instruction. United States v. Lemon, 824 F.2d 763, 764-65 (9th Cir.1987). Therefore, the district court did not err in declining to give appellant's proposed jury instruction.
 
 IV
 
 8
 Vanhoorelbeke contends that the district court incorrectly admitted the opinion evidence of defense witness ATF Agent Bill Curly. Although the question as originally presented was benign, after Agent Curly's clarification the question ceased to be about Vanhoorelbeke's character for truthfulness. However, we hold that any error was harmless. The internal inconsistencies within the appellant's own testimony, the tape recordings of Vanhoorelbeke conducting drug deals, and the testimony of government agents and co-conspirators taken together meant that "the State's evidence of guilt was, if not overwhelming, certainly weighty." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). This single question did not have a "substantial and injurious effect or influence in determining the jury's verdict," id.; any error, therefore, was harmless.
 
 V
 
 9
 Vanhoorelbeke was not denied effective assistance of counsel when the district court precluded him from speaking to his trial counsel during a fifteen minute recess between his direct testimony and cross examination. Perry v. Leeke, 488 U.S. 272, 281-84 (1989).
 
 VI
 
 10
 We conclude that there was sufficient evidence to convict the appellant of conspiracy. The absence of cocaine is irrelevant because the presence of cocaine is not an element of conspiracy. United States v. Medina, 940 F.2d 1247, 1250 (9th Cir.1991). Similarly, there was sufficient evidence to convict appellant for distribution of cocaine because it is the jury's prerogative to believe Fitzgerald's testimony over Vanhoorelbeke's. Finally, there was sufficient evidence to convict appellant on the firearms counts because he admits that he did in fact possess a firearm.
 
 VII
 
 11
 The district court properly increased Vanhoorelbeke's offense level by two levels for his leadership role in the drug transaction. U.S.S.C., Guidelines Manual Sec. 3B1.1. The district court did not improperly rely on appellant's strong personality; rather, the district court found that Vanhoorelbeke was a decision-maker, that he had made important decisions without consulting his co-conspirators, that he had referred to the co-conspirators as "my guys," that he had carried the gun and provided one to the undercover agent, and that Fitzgerald had indicated that Vanhoorelbeke had recruited him. The district court's finding that Vanhoorelbeke played a leadership role is therefore not clearly erroneous. The increase in the offense level was, therefore, proper.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3