76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie SAPPINGTON, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5402.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1996.
 
 W.D.Tenn., No. 94-02775; Julia Smith Gibbons, District Judge.
 W.D.Tenn.
 VACATED.
 
 
 1
 BEFORE: MARTIN and RYAN, Circuit Judges, and KATZ, District Judge.*
 
 ORDER
 
 2
 Jimmie Sappington, Jr., appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Sappington was convicted of four counts of bank robbery, violations of 18 U.S.C. § 2113(a). Three of these counts were transferred to the Western District of Tennessee for guilty plea proceedings and sentencing. On September 4, 1987, the district court sentenced Sappington to an aggregate term of 40 years of imprisonment.
 
 
 4
 Sappington raised four grounds in his current motion: 1) the sentence was contrary to his plea agreement and to the advice that he received from counsel; 2) the sentence was excessive in light of his background and criminal history; 3) defense counsel led him to plead guilty by convincing him that a ten-year sentence would be imposed and counsel did not object when he received a sentence that was contrary to the plea agreement; and 4) the sentence violates double jeopardy because he pleaded guilty to only one count of robbery. On March 7, 1995, the district court denied Sappington's motion under Rule 4(b) of the Rules Governing § 2255 Proceedings. It is from this judgment that Sappington now appeals. He also moves for pauper status. The appellee has elected not to file a brief in this appeal.
 
 
 5
 Rule 4(b) of the Rules Governing § 2255 Proceedings provides as follows:
 
 
 6
 (b) Initial consideration by judge. The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.
 
 
 7
 "[T]he preferred practice in dismissing a section 2255 motion in accordance with Rule 4(b) is to enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the legal grounds for that action." United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982) (per curiam).
 
 
 8
 We conclude that the dismissal of Sappington's motion was not appropriate under this standard. See Blackledge v. Allison, 431 U.S. 63, 75-76 (1977); Machibroda v. United States, 368 U.S. 487, 494-95 (1962). Sappington's claims are not wholly conclusory or frivolous. Moreover, the present record does not plainly show that he is not entitled to relief.
 
 
 9
 Accordingly, Sappington is granted pauper status for the limited purpose of filing this appeal, the district court's judgment is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation