**UNITED STATES of America, Appellee,**

v.

**Willard R. SANDERS, Appellant.**

**No. 82-2520.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 8, 1983.

Decided Dec. 14, 1983.

John M. Parmeter, Des Moines, Iowa, for Willard Sanders.

Richard C. Turner, U.S. Atty., Ronald M. Kayser, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

*Background*

Appellant Willard R. Sanders was indicted, tried and convicted in the United States District Court for the Southern District of Iowa on two counts of distribution of narcotics and conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1976). This court affirmed the conviction on direct appeal. *United States v. Sanders,* 631 F.2d 1309 (8th Cir.1980). The Eighth Circuit also denied rehearing en banc and the United States Supreme Court denied certiorari: *Sanders v. United States,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981).

On February 11, 1981, Sanders filed a motion for a new trial wherein the court

was requested to review various taped conversations which purportedly reveal a "falsifying" of a state complaint filed by Sanders. The court considered Sanders' motion and found that it stated no grounds that warranted a new trial. The court found that any evidence contained in the tapes concerned state court litigation and bore no relationship to the substance of the crime for which Sanders had been convicted in the United States district court. The court then denied Sanders' request for a new trial.

In a third order dated March 31, 1981, the court ordered that a notice of appeal submitted by Willard R. Sanders appealing the court's order of February 27, 1981, denying his motion for a new trial and requesting appointment of counsel be filed. The Eighth Circuit affirmed the denial of a new trial without opinion in *United States v. Sanders,* 664 F.2d 292 (8th Cir.1981).

On March 8, 1982, Sanders requested the late Honorable Roy L. Stephenson to listen to the tape of the July 6, 1979 hearing. Judge Stephenson ordered certain tapes of a hearing July 6, 1979, to be made part of the record.

On August 19, 1982, Sanders filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Again he based his claim on various taped conversations purportedly revealing a "falsifying" of a state complaint filed by Sanders. The district court[1] summarily dismissed the motion pursuant to Rule 4(b), 28 U.S.C. § 2255, and Sanders appeals that order.

*Discussion*

Rule 4(b) governing 28 U.S.C. § 2255 provides:

(b) Initial consideration by judge. The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Appellant argues that the district court erred in summarily dismissing his motion. He contends that the following unresolved factual issues preclude the dismissal: 1) whether the prosecution failed to disclose certain exculpatory evidence, 2) whether the prosecution knowingly failed to disclose perjured testimony, and 3) whether appellant was denied effective assistance of counsel.

Appellant filed a complaint with the Polk County Attorney on June 15, 1978. He claims that the complaint contained an allegation that Rosebud Biggles, appellant's co-defendant, had been selling narcotics. At appellant's trial, Detective Lieutenant Tigue testified that the complaint did not mention Biggles. A two-page copy of the complaint was admitted into evidence at the new trial hearing on September 5, 1979. Appellant now argues that the original complaint was four pages in length, and that Lieutenant Tigue showed the original to the prosecutor. He claims that the prosecutor failed to disclose the complaint in its entirety.

According to appellant, the alleged four-page complaint was exculpatory; he would not have filed a complaint against Biggles three months prior to his arrest if he had been involved with him in a conspiracy to sell drugs. Appellant further alleges that he had a phone conversation with Lieutenant Tigue, in which Tigue admitted that the original complaint was four pages long. (There is some confusion regarding the date of the alleged conversation. It was either

---

1. The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

September 5, 1978, or September 5, 1979.) Appellant claims that Lieutenant Tigue committed perjury in testifying about the content of the complaint. To support his claim, appellant submitted a transcript of the telephone conversation, which he claims to have recorded on tape.

Chief Judge Stuart addressed the claim of failure to disclose exculpatory evidence and the related perjury charge in his order following appellant's motion for a new trial. In denying the motion, Judge Stuart stated:

In his initial motion, dated February 18, 1981, defendant again petitions the Court for review of tapes pertaining to an alleged falsification of a complaint brought by defendant in state court, and to grant a new trial on the ground of newly discovered evidence contained in said tapes.

\* \* \* \* \* \*

With regard to defendant's motion for new trial of February 18, 1981, the Court believes that no grounds are stated therein which warrant a grant of defendant's request for new trial. From the face of this motion, it would appear that any "evidence" contained in the tapes concerns state court litigation, and bears no relationship to the substance of the above-entitled action. The Court has fully considered defendant's claims for these tapes previously. Given defendant's description of the subject-matter of the tapes, the Court can conceive of no circumstance in which defendant could sustain prejudice by virtue of a denial of his request to introduce this supposed newly discovered evidence at a second trial.

■ Absent an intervening change in the applicable law, issues that have been raised and decided on a motion for a new trial cannot be reconsidered in a subsequent collateral attack. *United States v. Little*, 608 F.2d 296, 301 (8th Cir.1979); *Vernell v. United States*, 559 F.2d 963 (5th Cir.1977); *United States v. Natelli*, 553 F.2d 5 (2d Cir.1977); *Del Genio v. United States*, 352 F.2d 304 (5th Cir.1965). Although the appellant in this case has attempted to couch his arguments in different terms than those

previously used, these issues have already been decided against him in his motion for a new trial, and affirmed by this court. Therefore, Judge Stuart's summary dismissal was not in error.

■ Appellant also contends that his trial counsel failed to effectively assist him. He alleges that his trial counsel did not adequately investigate his case because of a conflict of interests due to his simultaneous representation of appellant and his co-defendant. This claim, too, has already been considered by this court and decided against appellant on direct appeal from his conviction. In *United States v. Sanders*, 631 F.2d 1309, 1316 (8th Cir.1980), we stated:

*Effective assistance of counsel*

Appellant contends that he was denied effective assistance of counsel because his retained attorneys failed adequately to investigate the case prior to the trial. The District Court conducted a hearing on these charges and determined that they were without merit. A careful review of the records reveals no reason to disturb this finding. Appellant has not shown that he was "materially prejudiced in the defense of his case by actions or inactions of defense counsel" or that "his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Morrow v. Parratt*, 574 F.2d 411, 412–13 (8th Cir.1978).

Because this issue was decided on direct appeal, it is not cognizable on a section 2255 motion. *United States v. Shabazz*, 657 F.2d 189, 191 (8th Cir.1981); *Anderson v. United States*, 619 F.2d 772, 773 (8th Cir.1980).

■ Finally, appellant has attached a transcript of the taped telephone conversation on which he bases part of his arguments. He contends that this transcript is part of the record and should be considered on appeal. In support of this, he points to an order entered by Judge Stephenson on March 25, 1982. The relevant part of that order states:

The Honorable Roy L. Stephenson, Circuit Judge of this court, has received

from appellant by certified mail various documents which include a request that *certain tapes of a hearing July 6, 1982,* be made available to him. The court has made inquiry and has learned that the tapes are in custody of the Clerk of the United States District Court for the Southern District of Iowa, Des Moines, Iowa, and will be mailed to petitioner upon appropriate request by him directed to the Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa, Des Moines, Iowa. The tapes will be mailed to the appropriate officials at Springfield, Missouri, and made available for appellant's use.

It is further ordered that the documents herein referred to be filed herein and made a part of the record of this case.

(Emphasis supplied.)

The order makes it clear that Judge Stephenson referred to tapes of a hearing and not of a telephone conversation. The transcript of that July 6, 1979 hearing is a part of the record on this appeal. The transcript of the alleged telephone conversation is not a part of the record and we will not consider it.

For the reasons set forth above, we affirm the district court's dismissal.