885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory CARNILL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-1089.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1989
 
 1
 Before MERRITT and KRUPANSKY, Circuit Judges, and CHARLES R. SIMPSON, III, District Judge.*
 
 ORDER
 
 2
 Gregory Carnill, a pro se federal prisoner, appeals the district court's denial of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255, and his motion for disqualification and recusal of the district judge. He also filed a motion to strike the appellees' brief and has moved for sanctions. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Carnill was convicted on 88 counts of mail fraud stemming from his involvement in a scheme to defraud Blue Cross and Blue Shield of Michigan of health insurance benefit payments. Subsequent to being sentenced, he filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. He also filed a "motion for disqualification and recusal" claiming that Judge Anna Diggs Taylor harbored an obvious professional and personal bias against him due to her trustee status in several Michigan medical institutions which were alleged victims of his fraud.
 
 
 4
 Upon consideration, we conclude that the district court properly denied Carnill's motion to vacate as he plainly failed to establish the denial of a substantive right or defect in his proceeding which is inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780 (1979); United States v. Stead, 746 F.2d 355, 357 (6th Cir.1984). There is no indication in the record or allegation by Carnill that Judge Taylor did not fulfill her judicial responsibilities. In fact, the record reveals that Judge Taylor's trustee relationship with the medical institution in question had no impact on her abilities to preside as a fair and impartial jurist. None of the hospitals with which she was affiliated had any interest in the outcome of Carnill's litigation. Recusal was thus not required. See Browning v. Foltz, 837 F.2d 276, 279 (6th Cir.1988), cert. denied, 109 S.Ct. 816 (1989).
 
 
 5
 Upon further consideration, we conclude the summary denial of Carnill's motion was proper as it plainly appeared from the record that he was not entitled to relief. United States v. Sanders, 723 F.2d 34, 35 (8th Cir.1983). Finally, as Carnill's motion to strike and for sanctions is utterly frivolous, it is denied.
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, U.S. District Judge for the Western District of Kentucky, sitting sitting by designation