898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Julius Edward PARKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5663.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1990.
 
 1
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE C. SMITH, District Judge.*
 
 ORDER
 
 2
 This federal prisoner, through counsel, appeals the order of the district court denying his motion to vacate his conviction and sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Julius Edward Parker brought his motion to vacate on four grounds. He claimed that his guilty plea to engaging in a continuing criminal enterprise was not entered voluntarily; that the United States breached the plea agreement; that he was denied effective assistance of counsel; and that he was sentenced under a misapprehension of the law.
 
 
 4
 The district court held that Parker was not entitled to a hearing on his motion because the record conclusively showed that he was not entitled to relief. On appeal, Parker reasserts the arguments made in the district court.
 
 
 5
 Upon review we find no error. An evidentiary hearing was not necessary in this case because the files and records of the case conclusively show that petitioner is not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984). In addition, pursuant to Rule 4, Rules Governing Sec. 2255 Proceedings, a motion to vacate may be summarily denied if it plainly appears from the face of the motion and any annexed exhibits that the petitioner is not entitled to relief. United States v. Sanders, 723 F.2d 34, 35 (8th Cir.1983); United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982); United States v. Cermark, 622 F.2d 1049, 1051 (1st Cir.1980).
 
 
 6
 In essence, Parker complains that he agreed to plead guilty in exchange for the government's promise to recommend a sentence for which Parker could receive parole. No such promise appears in the plea agreement nor is one implied. In fact, the transcripts of the proceedings make it clear that everyone involved knew that parole was not possible for a conviction of engaging in a continuing criminal enterprise. 21 U.S.C. Sec. 848. The record also belies any contention that the district court acted under a misapprehension of the applicable law.
 
 
 7
 The transcripts of Parker's guilty plea and in camera hearing reflect strict adherence to the rules governing the acceptance of a guilty plea. Fed.R.Crim.P. 11. He is now bound by his responses given under oath to the court's inquiries regarding the knowledge and voluntariness of his plea. Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 107 S.Ct. 667 (1986).
 
 
 8
 Finally, counsel's performance did not fall below the acceptable standard of competence or result in demonstrable prejudice. Strickland v. Washington, 466 U.S. 668 (1984); Hill v. Lockhart, 474 U.S. 52 (1985).
 
 
 9
 Accordingly, for the reasons set forth in the district court's order dated April 14, 1989, we hereby affirm the order of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George C. Smith, U.S. District Judge for the Southern District of Ohio, sitting by designation