966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert CONLEE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-4200.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Conlee, pro se, appeals the district court's order denying his motion for relief which he filed pursuant to 28 U.S.C. § 2241. The motion was originally filed with the United States District Court for the District of Minnesota. The magistrate judge in that district properly construed the motion as one to vacate under 28 U.S.C. § 2255. The case was then transferred to the United States District Court for the Southern District of Ohio, where Conlee had been sentenced.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Conlee pled guilty to one count of violating 21 U.S.C. § 846, attempting to possess with the intent to distribute cocaine. On March 2, 1990, he was sentenced to a mandatory minimum of 120 months in prison and five years supervised parole. In his motion for relief, Conlee argued that he was denied his constitutional rights under the Sixth and Fourteenth Amendments because the district judge who sentenced him should have been disqualified from imposing sentence, based on a complaint of judicial misconduct which Conlee filed pending the district court's sentencing decision.
 
 
 4
 To be entitled to relief under § 2255, Conlee must show a fundamental defect in the proceedings which inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Timmreck, 441, U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d F.2d 627, 630 (6th Cir.1990) (per curiam). Under Rule 4 of the Rules Governing § 2255 Proceedings, a motion to vacate may be summarily denied if it plainly appears from the face of the motion that the petitioner is not entitled to relief. United States v. Sanders, 723 F.2d 34, 35 (8th Cir.1983).
 
 
 5
 Conlee's argument is that the district court's sentencing judgment and commitment order is invalid because Judge Rubin was "under investigation" at the time he sentenced Conlee because of Conlee's own judicial misconduct complaint filed with the Court of Appeals. Conlee cites to the portion of 28 U.S.C. § 372(c)(12) stating that no judge whose conduct is the subject of an investigation under the subsection shall be involved in certain activities until all related proceedings under the subsection have been finally terminated. However, the district court judge was correct in finding that this provision has no relevancy to the judge's ability to sentence Conlee in March of 1990.
 
 
 6
 First, the judge must be the "subject of an investigation" under the subsection for the statutory provision to apply, which investigation was never undertaken in this case. Secondly, a judge under investigation is prohibited only from: 1) serving upon a special investigatory committee under that subsection; 2) serving upon a judicial council; 3) serving upon the Judicial Conference; or 4) serving upon the standing committee established under § 331 of that title. See 28 U.S.C. § 372(c)(12). Nothing in this language bars a judge from imposing sentence. Rule 18 of the Sixth Circuit Rules Governing Complaints of Judicial Misconduct or Disability tracks § 372 regarding the disqualification of a judge or magistrate from serving on certain committees throughout investigatory proceedings involving alleged misconduct. This Rule adds nothing to Conlee's argument placed in § 372. The record does not show that Conlee was denied due process in any relevant proceeding.
 
 
 7
 Accordingly, Conlee's motion for appointment of counsel is hereby denied, and the district court's order dismissing this motion to vacate sentence is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.