977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester W. CAMPBELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1385.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Chester W. Campbell appeals the denial of his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was convicted of possession with intent to distribute heroin, cocaine and marijuana, possession of an unregistered destructive device, possession of a firearm with an obliterated serial number, possession of a firearm with a silencer, and as a felon in possession of a firearm. He was sentenced to a cumulative 30 years imprisonment following a jury trial in the district court in May 1988. Petitioner's convictions were affirmed by this court on direct appeal. United States v. Campbell, 878 F.2d 170 (6th Cir.), cert. denied, 493 U.S. 894 (1989). Thereafter, petitioner filed his "motion for correction of sentence" and a "first supplemental motion" in the district court essentially alleging: (1) that his conviction as a felon in possession of a firearm is unlawful because the state statute which forbade his possession of a firearm is unconstitutional; (2) that a prior felony conviction used to establish his felon status is unconstitutional; (3) that no evidence was presented that he used a firearm in relation to a drug trafficking offense; and (4) that a prior offense was improperly used to enhance his sentence as a felon in possession of a firearm. The district court construed the motion as one filed under 28 U.S.C. § 2255 and summarily denied the motion as unmeritorious pursuant to Rule 4(b), Rules Governing § 2255 Proceedings. On appeal, petitioner reiterates the assertions he advanced in the district court and contends that the district court is biased against him.
 
 
 3
 First, petitioner's motion was properly construed as one to vacate sentence filed under 28 U.S.C. § 2255. See United States v. Willis, 804 F.2d 961, 964 (6th Cir.1986). Generally, a motion to vacate may be summarily denied pursuant to Rule 4(b), Rules Governing § 2255 Proceedings, if it appears from the motion that petitioner is not entitled to relief. United States v. Sanders, 723 F.2d 34, 35-36 (8th Cir.1983) (per curiam). Upon consideration, we conclude that the district court properly dismissed petitioner's motion as meritless. Further, petitioner cited nothing to support his allegation of bias on the part of the district court. See Easley v. University of Mich. Bd. of Regents, 853 F.2d 1351, 1355-56 (6th Cir.1988).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.