979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Howard O'Brien THARPE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5432.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Howard O'Brien Tharpe appeals the district court's judgment dismissing his motion to vacate pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Tharpe of conspiracy to distribute cocaine, simple possession, and being a convicted felon in possession of a weapon. The district court sentenced Tharpe to nine years imprisonment. On direct appeal, this court affirmed Tharpe's conviction but remanded the case for resentencing. The district court resentenced Tharpe to one hundred and ten months imprisonment and this court affirmed that sentence.
 
 
 3
 Tharpe filed his first motion to vacate, alleging that he was not present at a critical stage of the proceedings. The district court dismissed Tharpe's motion and this court affirmed the dismissal on appeal.
 
 
 4
 Tharpe then filed a motion pursuant to Fed.R.Crim.P. 35(a), alleging that he had been given an illegal sentence. Tharpe subsequently moved the court to treat his Rule 35(a) motion as a motion to vacate pursuant to 28 U.S.C. § 2255, which the district court granted. The district court then summarily dismissed his motion to vacate. Tharpe has filed a timely appeal. On appeal, he requests the appointment of counsel.
 
 
 5
 Initially, we determine that only Howard Tharpe is properly an appellant before this court. The failure to name Gerald Tharpe in the notice of appeal constitutes a failure of that party to appeal. Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988).
 
 
 6
 Upon review of the record, we decline to determine whether Tharpe's present motion constitutes an abuse of the writ, because the government did not initially plead abuse of the writ in the district court. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). Nonetheless, we affirm the district court's judgment. Tharpe has failed to show a fundamental defect in his proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 Consequently, we conclude that the district court did not err in summarily dismissing Tharpe's motion. Rule 4(b), Rules Governing § 2255 Proceedings; United States v. Sanders, 723 F.2d 34, 35 (8th Cir.1983); United States v. Counts, 691 F.2d 348, 349 (7th Cir. 1982).
 
 
 8
 Accordingly, we deny Tharpe's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.