989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert HODGES, Petitioner-Appellant,
Ronald Alan Hodges, Petitioner-Appellant,
v.
UNITED STATES of America, Eastern District of Michigan,
Northern Division, Respondent-Appellee.
 Nos. 92-2274, 92-2275
 United States Court of Appeals, Sixth Circuit.
 March 17, 1993.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert and Ronald Hodges, two pro se Michigan prisoners, appeal two district court judgments denying their motions to vacate sentence construed to be filed under 28 U.S.C. § 2255. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In September 1989, a jury convicted the petitioners, along with their brother Timothy, of conspiracy to distribute cocaine. Ronald Hodges was sentenced to 78 months imprisonment. Robert Hodges was convicted of five additional counts of intent to distribute, and was sentenced to 135 months imprisonment. Their convictions were affirmed on direct appeal. United States v. Hodges, 935 F.2d 766 (6th Cir.), cert. denied, 112 S.Ct. 251 and 317 (1991).
 
 
 3
 In their motions to vacate, the petitioners argued that the government failed to prove the existence of federal jurisdiction by showing U.S. ownership of the property where the crimes were committed. The district court summarily denied the motions to vacate pursuant to Rule 4, Rules Governing § 2255 Proceedings. The court found that the petitioners' argument was based upon the false premise that violations of the laws governing controlled substances must occur on federal property before a defendant may be prosecuted and convicted. On appeal, petitioners continue to press the same argument.
 
 
 4
 Upon review, we affirm the district court's judgments because the petitioners have not shown any defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). It plainly appeared from the face of the motions that the petitioners were not entitled to relief. See Rule 4, Rules Governing § 2255 Proceedings; United States v. Sanders, 723 F.2d 34, 35 (8th Cir.1983) (per curiam). The government is not required to prove an interstate nexus in order to establish jurisdiction over a controlled substances prosecution. See United States v. Sawyers, 902 F.2d 1217, 1221 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991); United States v. Scales, 464 F.2d 371, 374-75 (6th Cir.1972).
 
 
 5
 Accordingly, for the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.