999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Joseph SCHLAIRET, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-4257.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before MILBURN and NORRIS, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties, the motion for appointment of counsel, and the motion to expedite submission of the case, this panel unanimously agrees that oral argument is not needed and that the submission of the case be expedited. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner was convicted of several felonies of violence including aggravated assault. Certificates of release and restoration of his civil rights to vote, serve on juries, and hold public office were issued in 1982 and 1985. In 1991, he pled guilty to being a felon in possession of a firearm and career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and was sentenced to serve 60 months in prison.
 
 
 4
 Petitioner's 28 U.S.C. § 2255 motion argued that the restoration of rights certificates restored all his rights taken away by his previous convictions; thus, he had the right to purchase firearms. After consideration of the motion and the response, the district court entered a summary denial of the § 2255 motion. Petitioner appealed.
 
 
 5
 The district court summarily dismissed the § 2255 action under Rule 4(b), Rules Governing § 2255 Cases. That rule provides that a case may be summarily dismissed if it plainly appears from the face of the motion and any annexed exhibits that the petitioner is not entitled to relief. United States v. Sanders, 723 F.2d 34, 35 (8th Cir.1983); United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982).
 
 
 6
 In his appellate brief, petitioner argues that his civil rights were restored pursuant to Ohio Rev.Code § 2923.13; thus, he had the right to own or possess firearms.
 
 
 7
 Title 18 U.S.C. § 922(g)(1) prohibits any person convicted of a crime punishable by imprisonment for a term exceeding one year to ship or transport any firearm or ammunition in interstate commerce. Petitioner has not contested that he was convicted of a crime punishable by imprisonment for more than one year. In cases involving convictions under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon, the district court must examine state law to determine whether the state has restored felons to their full civil rights, including allowing them to possess firearms. United States v. Driscoll, 970 F.2d 1472, 1480 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993). Ohio Rev.Code § 2923.13 provides that unless relieved from disability as provided by § 2923.14, a convicted felon cannot acquire a firearm. United States v. Cassidy, 899 F.2d 543, 550 n. 15 (6th Cir.1990). Relief as provided by § 2923.14 can be applied for to the court of common pleas in the county where the petitioner resides. However, petitioner has never made such motion for relief under § 2923.14. Summary dismissal was appropriate in the action.
 
 
 8
 It is ORDERED that the motion for appointment of counsel be denied and the final order of the district court be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation