7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald L. JERRAM, Defendant-Appellant.
 No. 93-3492.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 Before: BOGGS and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald L. Jerram, a pro se federal prisoner, appeals a district court notation order denying his motion for relief from judgment, filed pursuant to Fed.R.Civ.P. 60(b) and 65. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In July 1991, Jerram pleaded guilty to distributing over 100 grams of methamphetamine. The district court sentenced him to 120 months' imprisonment and 8 years' supervised release. Judgment was entered on October 25, 1991. He did not appeal his sentence.
 
 
 3
 On January 15, 1993, Jerram filed a "motion for relief from judgment" in which he argued that the United States lacked territorial jurisdiction over the geographical area where his "alleged violations of federal law" occurred. He also argued that his guilty plea was coerced because his retained counsel did not challenge the United States jurisdiction over his offense. The district court summarily denied Jerram's motion in a notation order entered on March 10, 1993. On appeal, Jerram continues to argue the merits of his jurisdictional ground for relief.
 
 
 4
 Upon review, we affirm the district court's order because Jerram's motion is patently meritless on its face.
 
 
 5
 Initially, it is noted that Fed.R.Civ.P. 60(b) and 65 are not the proper vehicles to challenge a criminal judgment on jurisdictional grounds. If Jerram's motion is given a liberal construction, see Franklin v. Rose, 765 F.2d 82, 84-85 (6th Cir.1985), it may be construed as a motion to vacate pursuant to 28 U.S.C. § 2255. See Sinito v. United States, 750 F.2d 512, 513 n. 2 (6th Cir.1984). To prevail under § 2255, Jerram must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Pursuant to Rule 4, Rules Governing § 2255 Proceedings, a petitioner's motion to vacate may be summarily denied if it plainly appears from the face of the motion that he is not entitled to relief. See United States v. Sanders, 723 F.2d 34, 35 (8th Cir.1983) (per curiam).
 
 
 6
 The district court did not err in summarily denying Jerram's motion because his jurisdictional argument is wholly without merit. Jerram pleaded guilty under 21 U.S.C. § 841 to distributing methamphetamine. He now maintains that the government is required to estblish territorial jurisdiction over his crime in order to obtain a conviction, citing to cases requiring the establishment of territorial jurisdiction for federal offenses. However, the cases cited in Jerram's memorandum of law involve either statutes which explicitly require the establishment of territorial jurisdiction, e.g., 18 U.S.C. § 1111 (murder), or acts occurring on foreign soil which would otherwise violate federal law. The statute under which Jerram was convicted contains no such territorial requirement and the area comprising the Southern District of Ohio is not foreign soil.
 
 
 7
 "Federal courts have exclusive jurisdiction of offenses against the laws of the United States under 18 U.S.C. § 3231; the permission of the states is not a prerequisite to exercise of that jurisdiction." United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992), cert. denied, 113 S.Ct. 478 (1992) and 113 S.Ct. 1306 (1993). Jerram's prosecution and conviction were lawful.
 
 
 8
 Jerram did not raise his coerced guilty plea issue on appeal. Thus, it is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In any event, it is clear that the jurisdictional issue comprised the sole basis for Jerram's coercion claim.
 
 
 9
 Accordingly, the district court's order, entered on March 10, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.