28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie Lee MOORE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6264.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1994.
 
 1
 Before: RYAN, Circuit Judge; KRUPANSKY, Senior Circuit Judge, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Willie Lee Moore, a pro se federal prisoner, appeals a district court order and judgment denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Moore was named in two counts of a seven-count indictment handed down in July 1991. Count one charged Moore and three codefendants with conspiracy to possess with intent to distribute and to distribute dilaudid in violation of 18 U.S.C. Secs. 841(a)(1) and 846. Count seven charged Moore with possession with intent to distribute approximately 77 dilaudid tablets. Moore pleaded guilty on September 16, 1991, to count one pursuant to a plea agreement under Fed.R.Crim.P. 11(e)(1)(C), by which the parties "agree that a specific sentence is the appropriate disposition of the case." The plea agreement provided that the government would dismiss count seven following Moore's guilty plea to count one, and that the appropriate prison sentence would be 80 months. Moore was sentenced accordingly on February 27, 1992, with judgment entered on March 16, 1992. He did not take a direct appeal.
 
 
 4
 Moore subsequently filed a motion to vacate, raising three grounds for relief: (1) his guilty plea was not made with an understanding of the nature of the charge and its consequences; (2) the government violated the plea agreement, which he claims provided for a sentence within a range of 27 to 33 months; and (3) his sentence was excessive and violated Fed.R.Evid. 404(b). In his accompanying memorandum, Moore further claimed that the district court violated Rule 11 and that he did not receive the required notice of the government's intent to seek an enhanced sentence. At the same time, Moore conceded his guilt and stated that he "does not wish to alter the judgment." The district court denied the motion to vacate without a hearing, in an order filed on June 18, 1993, finding that the entire amount of drugs involved in the conspiracy was properly considered for sentencing; that by pleading guilty in return for a specific sentence, Moore stipulated to the amount of drugs involved; that the government was not required to file an enhancement notice pursuant to 21 U.S.C. Sec. 851; and that Moore made no factual assertions to support a Rule 11 violation. Judgment was entered on August 24, 1993.
 
 
 5
 On appeal, Moore continues to argue the merits of his grounds for relief. In addition, he asserts that the district court erred by not holding an evidentiary hearing, and that the government misapplied the Controlled Substances Act.
 
 
 6
 Upon review, we affirm the district court's judgment because Moore has not shown a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Non-constitutional claims that could have been raised on direct appeal cannot be raised in a Sec. 2255 motion as such a motion will not do service for a direct appeal. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). In order to have the issues considered on the merits, the movant must show cause for his failure to bring the direct appeal and actual prejudice. United States v. Frady, 456 U.S. 152, 165 (1982). In addition, this court has ruled that the failure to raise an issue at an earlier opportunity constitutes a waiver. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Moore does not even attempt to show cause and prejudice for his failure to raise these issues on direct appeal; thus, he has waived his grounds for relief, with the possible exception of his involuntary guilty plea claim ("possible" because it is not at all clear that Moore seeks to withdraw his guilty plea; his principal objection is to his sentence). In any event, no prejudice is established for the reasons stated by the district court.
 
 
 8
 Moore does not dispute the finding of guilt in his case, but argues at times that his plea was involuntary and, at other times, that the government breached the plea agreement. Both claims are refuted by the record. The transcript of the change of plea proceeding establishes that, during the colloquy, Moore was informed of the nature of the conspiracy charge to which he was pleading guilty, the rights he was waiving by pleading guilty, and that the sentence provided for in the plea agreement was 80 months. It is clear that, under the totality of the circumstances, Moore's guilty plea was knowing and voluntary. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 9
 Moore's claim that the government breached the plea agreement is totally frivolous. Moore now asserts that he agreed to plead guilty to count seven (the possession count) rather than count one (the conspiracy count) and that his sentencing range would be only 27 to 33 months. Both the written plea agreement and the transcript establish that Moore unquestionably and explicitly pleaded guilty to count one and a sentence of eighty months in prison. He received exactly what he bargained for.
 
 
 10
 On appeal, Moore raises for the first time the claim that the phrase "any person" as used in the Controlled Substances Act actually means "any regulated person," such as a pharmacist. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). There are no exceptional circumstances present in this case. At any rate, this claim is patently baseless.
 
 
 11
 Finally, the district court did not err by denying Moore's motion without a hearing under Rule 4(b), Rules Governing Sec. 2255 Proceedings. Pursuant to Rule 4(b), a motion to vacate may be summarily denied if it plainly appears from the face of the motion and the files and records of the case that the petitioner is not entitled to relief. Todaro, 982 F.2d at 1028; United States v. Sanders, 723 F.2d 34, 35 (8th Cir.1983). The record in this case meets that standard.
 
 
 12
 Accordingly, the district court's judgment, entered on August 24, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation