54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Howard O'Brien THARPE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6233.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and CHURCHILL, District Judge.*
 ORDER
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 In 1988, a jury found Howard O'Brien Tharpe guilty of various drug related charges. He was not sentenced pursuant to the Sentencing Guidelines. Tharpe's conviction was affirmed on appeal but the case was remanded to the district court for resentencing under the guidelines. United States v. Tharpe, No. 88-5892, 1989 WL 105937 (6th Cir. Sept. 14, 1989). At resentencing, the district court assessed Tharpe two points for obstruction of justice and sentenced him to 110 months of imprisonment. This court affirmed the judgment. United States v. Tharpe, No. 90-5104, 1990 WL 153909 (6th Cir. Oct. 12, 1990), cert. denied, 111 S. Ct. 1016 (1991).
 On December 4, 1990, Tharpe filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. The district court denied the motion and that judgment was affirmed on appeal. United States v. Tharpe, No. 91-5092, 1991 WL 71425 (6th Cir. May 2, 1991). On July 1, 1991, Tharpe filed a motion pursuant to Fed. R. Crim. P. 35(a) to correct an illegal sentence. At Tharpe's request, the district court treated the motion as one filed pursuant to 28 U.S.C. Sec. 2255. The district court amended Tharpe's sentence to reflect the imposition of a three year period of supervised release instead of a four year period. On December 17, 1992, this court affirmed the district court's judgment. Tharpe v. United States, No. 92-5432, 1992 WL 340353 (6th Cir. Nov. 19, 1992). On July 14, 1993, Tharpe filed a motion pursuant to 28 U.S.C. Sec. 1651 in which he sought relief from his sentence. The district court denied the motion as having no merit.
 In the instant motion, Tharpe claimed that: 1) his attorney rendered ineffective assistance at trial; 2) his attorney rendered ineffective assistance at the sentencing hearing; 3) he did not have the opportunity to review the presentence investigation report ten days prior to sentencing; 4) the district court did not address him personally and ask whether he wished to make a statement; and 5) defense counsel was ineffective for not correcting mitigating information in a previous Sixth Circuit opinion.
 The district court considered Tharpe's allegations on their merits and denied the motion to vacate sentence. In his timely appeal, Tharpe reasserts that defense counsel was ineffective at the resentencing hearing. He also argues that he was denied due process because he was not afforded a hearing to determine his accountability in the drug selling conspiracy, and he contends that the district court erred in calculating his base offense level.
 In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S. Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S. Ct. 2424 (1993). In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must first show an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994) (applying Brecht to Sec. 2255 motion to vacate).
 Upon review, we affirm the district court's judgment for reasons other than those set forth by the district court. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir. 1992), cert. denied, 113 S. Ct. 1272 (1993); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985) (per curiam).
 To the extent Tharpe is raising the same issues he has raised in previous motions to vacate, the immediate motion is successive. A motion to vacate may be denied as successive if: 1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application; 2) the prior determination was on the merits; and 3) the ends of justice would not be served by reaching the merits of the subsequent application. Sanders v. United States, 373 U.S. 1, 15 (1963); Rule 9(b) [first clause], Rules Governing Sec. 2255 Proceedings. Tharpe's third and fourth claims set out above are indeed successive because they are substantially the same as the due process claims previously addressed and determined adversely to Tharpe on the merits in Tharpe v. United States, No. 91-5092, 1991 WL 71425 (6th Cir. May 2, 1991). Furthermore, Tharpe has not supplemented his constitutional claims with a colorable showing of factual innocence that would require this court to entertain his motion to vacate sentence that raises claims rejected in a prior motion. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 Similarly, claims 1, 2, and 5, regarding defense counsel's effectiveness could have been raised at an earlier opportunity, but were not, and thus Tharpe's motion constitutes an abuse of the writ. A motion to vacate sentence may be denied as an abuse of the writ if the movant had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claim at the prior opportunity. See 28 U.S.C. Sec. 2255; Rule 9(b) [second clause], Rules Governing Sec. 2255 Proceedings; McCleskey v. Zant, 499 U.S. 467, 485-86 (1991); Peltier v. Henman, 997 F.2d 461, 473 (8th Cir. 1993). In addition, Tharpe cannot show cause and prejudice to excuse his failure to raise claims of counsel ineffectiveness at an earlier opportunity, see McCleskey, 499 U.S. at 493-94, nor can Tharpe show that a fundamental miscarriage of justice would result from a failure to entertain the claims, see id., because his claims are meritless.
 
 
 1
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation