**James Dwight SNYDER**

v.

**UNITED STATES of America.**

**Civ. No. K–95–2639.**

United States District Court, D. Maryland.

Sept. 6, 1995.

Paul Victor Jorgensen, Middletown, MD, for plaintiff.

Lynne A. Battaglia, United States Attorney for the District of Maryland and John A. Gephart, Assistant United States Attorney for the District of Maryland, Baltimore, MD, for defendant.

FRANK A. KAUFMAN, Senior District Judge.

In 1981 a United States Grand Jury for the District of Maryland issued an indictment charging James Dwight Snyder ("Snyder") with three counts of evasion of federal income taxes for calendar years 1973, 1974 and 1975 in violation of 26 U.S.C. § 7201; three counts of failure to file federal income tax returns for calendar years 1973, 1974 and 1975 in violation of 26 U.S.C. § 7203; and one count of concealing property from an Internal Revenue Service levy in violation of 26 U.S.C. § 7206(4). On December 4, 1981, following a jury trial presided over by United States District Judge Norman P. Ramsey, Snyder was convicted of two counts of tax evasion for calendar years 1974 and 1975, three counts of failure to file tax returns and one count of concealing property. The jury acquitted Snyder in connection with the tax evasion charge for calendar year 1973.

On appeal to the United States Court of Appeals for the Fourth Circuit, Snyder contended, *inter alia*, that the district judge committed reversible error by improperly instructing the jury regarding the "willfulness" element for each of the crimes charged.[1] Snyder argued before the Fourth Circuit that he had filed tax returns with no financial information for the years involved and that, at the time, he believed he had appropriately invoked the Fifth Amendment privilege against self-incrimination. Snyder further asserted that the trial judge improperly instructed the jury not to consider Snyder's beliefs regarding the Fifth Amendment. The Fourth Circuit rejected those contentions as advanced by Snyder and affirmed Snyder's convictions for tax evasion for calendar years 1974 and 1975, failure to file tax returns for calendar year 1973, and concealing property. The Fourth Circuit vacated Snyder's convictions for failure to file for calendar years 1974 and 1975, reasoning that failure to file is a lesser included offense within the crime of tax evasion and that Congress did not intend for a criminal defendant to be punished for both offenses. *Id.* at 171.

Snyder has now moved for a writ of error coram nobis. He offers three general grounds in support of that quest for relief. First, Snyder argues that the Fourth Circuit failed to address the "impropriety of the trial court's instructions to disregard [his] Fifth Amendment beliefs."[2] Second, he asserts that the subsequent Supreme Court case, *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) established a new rule that should be applied retroactively to the instant case. Third, Snyder contends that this Court should grant relief because, he argues, de novo review of the record will indicate that the trial court's errors had a substantial and injurious effect upon the verdicts. For the following reasons, this Court concludes that none of Snyder's arguments are persuasive.

I

The common law writ of coram nobis is an "extraordinary remedy" which may be utilized "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954). "An error of the most fundamental character must have occurred to warrant issuing the writ and no other remedy may be available." *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir.1988), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3190, 105 L.Ed.2d 699 (1989). The writ of error coram nobis is "of the same general character" as the writ of habeas corpus under 28 U.S.C. § 2255. *Morgan*, 346 U.S. at 505 n. 4, 74 S.Ct. at 250 n. 4; *see also United States v. Travers*, 514 F.2d 1171, 1175–79 (2d Cir.1974) (Friendly, J., apparently applying habeas corpus standard in a coram nobis case). At least one court has perhaps suggested that coram nobis relief is more difficult to obtain than a writ of habeas corpus. *United States v. Keane*, 852 F.2d 199, 203 (7th Cir.1988), *cert. denied*, 490 U.S. 1084, 109 S.Ct. 2109, 104 L.Ed.2d 670 (1989) ("The reason to bend the usual rules of finality is missing when liberty is not at stake.") Courts have consistently held that, where a

---

1. *See* Snyder's February 6, 1985 appeal brief at 6–10; Snyder's June 15, 1995 reply brief at 2–3.

2. Snyder's June 1, 1995 brief at 11.

criminal defendant seeks collateral review of a conviction for a federal crime, claims that either were raised or could have been raised on direct appeal are outside the scope of the writ. *See, e.g., Keane,* 852 F.2d at 202–03; *United States v. Michaud,* 925 F.2d 37, 41 (1st Cir.1991); *United States v. Sanders,* 723 F.2d 34, 36 (8th Cir.1983). "Absent an intervening change in the applicable law, issues that have been raised and decided on a motion for a new trial cannot be reconsidered in a subsequent collateral attack." *Sanders,* 723 F.2d at 36.

## II

■ Snyder argues that the Fourth Circuit failed to adjudicate the issue of the propriety of the trial court's instructions regarding his Fifth Amendment beliefs.[3] Snyder suggests that that failure entitles him to coram nobis relief at this time. As Snyder concedes, however, he could have and did raise the question of his Fifth Amendment belief on appeal to the Fourth Circuit.[4] As the issue "could have been raised on direct appeal," *Keane,* 852 F.2d at 202, Snyder cannot now obtain coram nobis relief on the same issue. Snyder seems to contend that because the Fourth Circuit did not specifically discuss the Fifth Amendment belief question, coram nobis is appropriate. An appeals court, however, may properly determine that an issue does not merit discussion in its opinion. *See, e.g., United States v. Muhammad,* 824 F.2d 214, 216 (2d Cir.1987), *cert. denied,* 484 U.S. 1013, 108 S.Ct. 716, 98 L.Ed.2d 666 (1988). Such a determination does not open the door for subsequent coram nobis review.

Furthermore, in any event, the Fourth Circuit apparently considered and rejected Snyder's said argument. In Snyder's brief filed in the Fourth Circuit, he made clear that his Fifth Amendment argument is a component of his broader contention that the element of willfulness was not met because the trial judge improperly instructed the jury regarding Snyder's good faith belief that Snyder was not violating the tax laws.[5]

Judge Chapman, writing for the Fourth Circuit, seemed to reject that very argument, stating that "the trial judge did give a very fair and complete charge as to a defendant's good faith misunderstanding of the law." *United States v. Snyder,* 766 F.2d 167, 169 (4th Cir.1985). The opinion then quoted extensively from the jury instructions regarding good faith misunderstanding of the law. *Id.* at 169–70. Later, Judge Chapman added:

> In reading the jury charge as a whole, it appears that the trial judge mentioned and properly explained willfulness on numerous occasions as to each and every count in the indictment. There can be no question that the jury understood the meaning of willfulness and also understood that this was an essential element that the prosecution must prove beyond a reasonable doubt in order to secure a conviction on any of the. counts.

*Id.* at 170.

## III

Snyder's argument that *Cheek* mandates retroactive relief is also misplaced. While, as Snyder notes, Judge Widener, in *Mandel,* 862 F.2d at 1075, relying upon Judge Friendly's opinion in *Travers,* 514 F.2d 1171, wrote that a writ of error coram nobis is proper "in light of a retroactive dispositive change in the law," *Cheek* made no such change in the law.

In *Cheek,* the Supreme Court reversed a conviction for failure to file a federal income tax return and attempted evasion of income taxes. At trial, the defendant had offered evidence that he believed in good faith that the Sixteenth Amendment did not authorize a tax on wages and salaries but only on gain or profit. The trial judge instructed the jury in relevant part that "[a]n honest but unreasonable belief is not a defense and does not negate willfulness." *Cheek,* 498 U.S. at 197, 111 S.Ct. at 608 (citation omitted). The Supreme Court concluded that that instruction departed from the willfulness requirement under the federal tax statutes. In so doing,

---

3. *See* Snyder's June 1, 1995 brief at 11–12.

4. *See* Snyder's June 1, 1995 brief at 11.

5. *See* Snyder's appeal brief at 6–10.

Justice White, for the majority of the Court, stated: "We thus disagree with the Court of Appeals' requirement that a claimed good-faith belief must be objectively reasonable if it is to be considered as possibly negating the Government's evidence purporting to show a defendant's awareness of the legal duty at issue." *Id.* at 203, 111 S.Ct. at 611.

█ Justice White did not, as Snyder now claims, specifically base the holding in *Cheek* upon any provision of the federal Constitution. Although Justice White suggested that forbidding the jury to consider evidence negating willfulness "would raise a serious question under the Sixth Amendment's jury trial provision," *id.* at 203, 111 S.Ct. at 611, he explicitly interpreted the statute so as to avoid that constitutional question. In so doing, the majority opinion noted: "Cheek argues that applying to him the Court of Appeals' standard of objective reasonableness violates his rights under the First, Fifth, and Sixth Amendments of the Constitution. Since we have invalidated the challenged standard on statutory grounds, we need not address these submissions." *Id.* at 207 n. 11, 111 S.Ct. at 613 n. 11. Thus, *Cheek* simply states that a good faith belief of legality, no matter how unreasonable, negates the statutory element of willfulness for tax evasion and failure to file a return, and that a jury must be allowed to consider evidence of such a belief.

Snyder has pointed to nothing in the Fourth Circuit opinion which conflicts with anything authored by Justice White in *Cheek.* As discussed *supra,* the Fourth Circuit stated on direct appeal that "the trial judge did give a very fair and complete charge as to a defendant's good faith misunderstanding of the law." *Snyder,* 766 F.2d at 169. Judge

Chapman also included a lengthy passage from the trial judge's instruction with regard to good faith misunderstanding. That passage uses language similar to that used by the Supreme Court in *Cheek:* "Even if you find that the Defendant erroneously claimed his Fifth Amendment privilege, his conduct would not be willful if you find that he acted in accordance with a good faith misunderstanding of the law ... The defendant's views need not be legally correct just as long as he honestly and in good faith really and truly believes and acts on them." *Snyder,* 766 F.2d at 169 (quoting Jury Instructions at 117).

## IV

Snyder argues that other portions of the jury instruction negate the good faith misunderstanding defense.[6] However, at best, from Snyder's point of view, those and other instructions cited by Snyder, perhaps make the jury charge as a whole somewhat ambiguous. The two passages upon which Snyder most heavily relies—those regarding the treatment of the his Fifth Amendment belief—themselves can be said to be not entirely clear. The other passages are set forth in the context of a jury charge which included a straightforward instruction regarding good faith misunderstanding, as discussed *supra,* and as also discussed in the Fourth Circuit opinion.

█ The Supreme Court has said that where jury instructions are ambiguous, an appeals court should inquire whether "there is a reasonable likelihood that the jury has applied the challenged instruction" in an improper manner. *Boyde v. California,* 494 U.S. 370, 380, 110 S.Ct. 1190, 1197, 108 L.Ed.2d 316 (1990). Snyder has presented

6. Snyder notes that with respect to the tax evasion charges, the trial judge said: "I charge you you may not treat the defendant's belief with respect to the applicability of the Fifth Amendment ... if you find that was part of his reasoning that you may not if he based his decision on that belief that is not sufficient to negate criminal intent." Jury Instructions at 112–13. Judge Ramsey, the trial judge, further instructed: "In assessing the defendant's guilt or innocence, you must determine if the defendant reasonably believed at the time the documents in question were filed that they were valid returns." *Id.* at

114. With respect to the charges of failure to file, the trial judge issued a slightly different instruction: "... I am charging you that you may not treat the defendant's beliefs with respect to the applicability of the Fifth Amendment ... if you find that was part of his basis for his decision to be treated as a negation of criminal intent." *Id.* at 129–30. He further instructed: "In assessing the defendant's guilt or innocence, you should determine if the defendant reasonably believed at the time the documents in question were filed that they were valid returns." *Id.* at 131.

245

no evidence that the Fourth Circuit failed to engage in that proper inquiry. Rather, the Fourth Circuit did consider that specific contention and stated that any failure by the trial judge "to include language about a defendant's good faith assertion of his fifth amendment privilege" is not meritorious when the charge on this point is "read as a whole." *Snyder*, 766 F.2d at 170.

## V

Finally, Snyder argues that this Court is required presently to engage in de novo review of the trial record to determine if the challenged instructions had a substantial and injurious effect on the verdicts.[7] Snyder has pointed to no such type of error. Further, Judge Chapman's opinion reveals that the Fourth Circuit has already engaged in such a de novo review of the record and has discovered no such constitutional or statutory error. Whether or not this Court is required, under those circumstances, to engage in such review poses an issue which this Court need not reach herein. However, in any event, this Court has in fact engaged in such review for the purpose of assessing Snyder's above discussed coram nobis contentions and has not discovered any such effect on the verdicts.

## VI

For the reasons set forth in this opinion, this Court will deny Snyder's motion for writ of error coram nobis in a separate Order of even date herewith.

7. *See* Snyder's June 1, 1995 brief at 20–25. *See* *also* Snyder's June 15, 1995 brief at 4–9.